PER CURIAM.
The Florida Supreme Court Standing Committee on Mediation and Arbitration Rules (the Committee) petitions this Court to amend the Florida Rules for Certified and Court-Appointed Mediators. We have jurisdiction. Art. V, § 2(a), Fla. Const.
*808 The proposed amendments were advertised, and the Court requested comments from interested parties. The Committee recommends that the rules be amended with regard to the mediator disciplinary procedures. We have received no comments in opposition to the proposed amendments. We have reviewed the amendments and believe that the proposed changes are appropriate with respect to the implementation of mediator disciplinary procedures.
We adopt the amendments to the Florida Rules for Certified and Court-Appointed Mediators as reflected in the appendix of this opinion. The new language is indicated by underscoring; deletions are indicated by strike-through type. These rules shall become effective upon the filing of this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
The filing of a motion for Rehearing shall not alter the effective date of these amendments.
APPENDIX
RULE 10.180 DEFINITIONS
(a) Board. The mediator qualifications board.
(b) Center. The Florida Dispute Resolution Center of the Office of the State Courts Administrator.
(e) Complaint Committee. Three members of the board from the division in which a complaint against a mediator originates.
(d)Counsel. Counsel appointed by the center, at the direction of the complaint committee, responsible for presenting the complaint to the panel.
(d)(e) Division. One of 3 standing divisions of the mediator qualifications board, established on a regional basis.
(f) Investigator. A certified mediator, attorney, or other qualified individual appointed by the center at the direction of a complaint committee.
(e)(g) Mediator. A person certified by the Florida Supreme Court or an individual mediating pursuant to court order.
(f)(h) Panel. Except when used in rule 10.300, 5 Five members of the board from the division in which a complaint against a mediator originates.
RULE 10.190 MEDIATOR QUALIFICATIONS BOARD
(a) Generally. The mediator qualifications board shall be composed of 3 standing divisions that shall be located in the following regions:
(1) One division in north Florida, encompassing the First, Second, Third, Fourth, Eighth, and Fourteenth judicial circuits.
(2) One division in central Florida, encompassing the Fifth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, and Eighteenth judicial circuits.
(3) One division in south Florida, encompassing the Eleventh, Fifteenth, Sixteenth, Seventeenth, Nineteenth, and Twentieth judicial circuits.
Other divisions may be formed by the supreme court based on need.
(b) Composition of Divisions. Each division of the board shall be composed of:
(1) three circuit or county judges;
(2) three certified county mediators;
(3) three certified circuit mediators;
(4) three certified family mediators, at least 2 of whom shall be nonlawyers; and
(5) three attorneys licensed to practice law in Florida who have a substantial trial practice and are neither certified as mediators nor judicial officers during their terms of service on the board, at least 1 of whom shall have a substantial divorce law practice.
(c) Appointment; Terms. Eligible persons shall be appointed to the board by the chief justice of the Supreme Court of Florida for a period of 4 years. The terms of the board members shall be staggered. The initial terms of the members shall be as follows:
*809 (1) The judge members and the certified family mediators will be appointed for 2-year terms.
(2) The certified circuit mediators, the certified county mediators, and the members of The Florida Bar will be appointed for 4-year terms.
(d) Complaint Committee. Each complaint committee of the board shall be composed of 3 members. A complaint committee shall cease to exist after disposing of all assigned cases. Each complaint committee shall be composed of:
(1) one judge or attorney, who shall act as the chair of the committee;
(2) one mediator, who is certified in the area to which the complaint refers; and
(3) one other certified mediator.
(d)(e) Panels. Each panel of the board shall be composed of 5 members. A panel shall cease to exist after disposing of ail assigned cases. Each panel shall be composed of:
(1) one circuit or county judge, who shall serve as the chair;
(2) three certified mediators, at least 1 of whom shall be certified in the area to which the complaint refers; and
(3) one attorney.
(e)(f) Panel Vice-Chair. Each panel once appointed shall elect a vice-chair. The vice-chair shall act as the chair of the panel in the absence of the chair.
RULE 10.200 JURISDICTION
(a)Complaint Committee. Each complaint committee shall have such jurisdiction and powers as are necessary to conduct the proper and speedy investigation and disposition of any complaint. The judge or attorney presiding over the complaint committee shall have the power to compel the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, and to order the production of records or other documentary evidence, and the power of contempt. The complaint committee shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.
(a)(b) Generally-Panel. Each panel shall have such jurisdiction and powers as are necessary to conduct the proper and speedy adjudication and disposition of any proceeding. The judge presiding over each panel has shall have the power to compel the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, and to order the production of records or other documentary evidence, and the power of contempt. The panel shall perform the adjudicatory function, but shall not have any investigatory functions.
(b) No Investigatory-Eunction, The panel shall have-adjudicatory functions.only^ The-panel shall not ■ have any-investigatory functions.
(c) Contempt. Should any witness fail, without justification, to respond to the lawful subpoena of the complaint committee or panel or, having responded, fail or refuse to answer all inquiries or to turn over evidence that has been lawfully subpoenaed, or should any person be guilty of disorderly or contemptuous conduct before any proceeding of the complaint committee or panel, a motion may be filed by the complaint committee or panel before the circuit court of the county in which the contemptuous act was committed. The motion shall allege the specific failure on the part of the witness or the specific disorderly or contemptuous act of the person which forms file basis of the alleged contempt of the complaint committee or panel. Such motion shall pray for the issuance of an order to show cause before the circuit court why the circuit court should not find the person in contempt of the complaint committee or panel and the person should not be punished by the court therefor. The circuit court shall issue such orders and judgments therein as the court deems appropriate.
RULE 10.220 COMPLAINT COMMITTEE PROCESS
(a) Initiation of Complaint. Any individual wishing to make a complaint alleging that a mediator has violated one or more provisions of these rules shall do so in writing under oath. The complaint shall state with particularity the specific facts that form the basis of the complaint.
*810 (b) Filing. The complaint shall be filed with the center, or, in the alternative, the complaint may be filed in the office of the court administrator in the circuit in which the ease originated or, if not ease specific, in the circuit where the alleged misconduct occurred.
(c) Referral. The complaint, if filed in the office of the court administrator, shall be referred to the center within 5 days of filing.
<¥)(d) Assignment to Committee. Upon receipt of a mediator’s response to a complaint in proper form, but no later than 30 days after the-complaint is served on the mediator-, the center Witt shall assign the complaint to a complaint committee within 10 days. A complaint committee shall include:
(1) one judge or attorney, who shall act as the-chair — of-the-committee;
(2) one mediator, who is certified-in-the area-to -which-the- complaint refers; and
(3)-one-other-certified mediator.
(e) Facial Sufficiency Determination. The complaint committee shall convene, either in person or by conference call, to determine whether the allegation(s), if true, would constitute a violation of these rules. If the committee finds the complaint to be facially insufficient, the complaint shall be dismissed without prejudice and the complainant and the mediator shall be so notified. If the complaint is found to be facially sufficient, the committee shall prepare a list of rules which may have been violated and shall submit such to the center.
(d)(f) Service. The center shall send a copy of the list of rule violations prepared by the complaint committee, a copy of the complain^ and a copy of these rules to the mediator in question. Service on the mediator shall be made by registered or certified mail addressed to the mediator at the mediator’s place of business or residence.
(e)(g) Response. Within 20 days of the receipt of the list of violations prepared by the complaint committee and the complaint, the mediator shall send a written, sworn response to the center by registered or certified mail. If the mediator does not respond, the allegations are shall be deemed admitted.
(h) Preliminary Review. Upon review of the complaint and the mediator’s response, the complaint committee may find that no violation has occurred and dismiss the case. The complaint committee may also resolve the issue pursuant to rule 10.220(j) herein.
(i) Appointment of Investigator. The committee, after review of the complaint and response, may direct the center to appoint an investigator to assist the committee in any of its functions. Such person shall investigate the complaint and advise the committee when it meets to determine the existence of probable cause. In the alternative to appointing an investigator, the complaint committee or any member or members thereof may investigate the allegations, if so directed by the committee chair. Such investigation may include meeting with the mediator, the complainant, or both.
CD Committee Meeting with the Mediator. Notwithstanding any other provision in this rule, at any time while the complaint committee has jurisdiction, it may meet with the complainant and the mediator in an effort to resolve the matter. This resolution may include sanctions if agreed to by the mediator. If sanctions are accepted, all relevant documentation shall be forwarded to the center.
(g)(k) Review. If no other disposition has occurred, The the complaint committee shall review the complaint, and the response, and any investigative report, including any underlying documentation, and to determine whether there is probable cause to believe that the alleged mediator misconduct occurred and would constitute a violation of the rules.
(h) Probable Cause Found, — I-f-probable eause-esdsts-the complaint committee may refer' the complaint to the center for assignment to a panel. — In the alternative, the complaint committee-may-meet with the complainant and the mediator in an effort — to resolve-the- matter. — This resolution may in-dude-sanctioBS-if-agreed to by the mediator. If the matter is not resolved-in-this-mamner-the complaint shall be referred to the center.
*811 (i)(Q No Probable Cause. If probable cause does not exist, the complaint committee the complaint committee finds no probable cause, it shall dismiss the complaint with letters-te and so advise the complainant and to the mediator stating that the complaint does not allege a violation of these-rales in writing.
(j) Formal Charges. — If the complaint committee refers-a complaint to the center? the complaint committee-shall submit to the center-formal charges which shall include a short-and plain statement of the matters asserted-in the complaint- and references to the particular-sections of the rules involved.
(m) Probable Cause Found. If probable cause exists, the complaint committee may draft formal charges and forward such charges to the center for assignment to a panel. In the alternative, the complaint committee may decide not to pursue the case by filing a short and plain statement of the reason(s) for non-referral and so advise the complainant and the mediator in writing.
(n) Formal Charges and Counsel. If the complaint committee refers a complaint to the center, the complaint committee shall submit to the center formal charges which shall include a short and plain statement of the matters asserted in the complaint and references to the particular sections of the rules involved. After considering the circumstances of the complaint and the complexity of the issues to be heard, the complaint committee may direct the center to appoint a member of The Florida Bar to investigate and prosecute the complaint. Such counsel may be the investigator appointed pursuant to this rule if such person is otherwise qualified.
(o) Dismissal. Upon the filing of a stipulation of dismissal signed by the complainant and the mediator with the concurrence of the complaint committee, the action shall be dismissed.
RULE 10.230 HEARING PROCEDURES
(a) Assignment to Panel. Upon referral of a complaint and formal charges from a complaint committee, the center shall assign the complaint and formal charges to a panel for hearing, with notice of assignment to the complainant and the mediator. No member of the complaint committee shall serve as a member of the panel.
(b) Prosecuting Counsel. After considering the circumstances of the-complaint and the complexity-of~the-issues-to-be-heard?-the center-may-appoint counsel to prosecute the complaint.
(e)(b) Hearing. The center shall schedule a hearing not more than 90 days nor less than 30 days from the date of notice of assignment of the matter to the panel.
(d)(c) Dismissal. The action may-be-dismissed by filing a stipulation — of—dismissal signed by the-complainant-and the mediator. Upon the filing of a stipulation of dismissal signed by the complainant and the mediator, and with the concurrence of the panel, the action shall be dismissed.
(e)(d) Procedures for Hearing. The procedures for hearing shall be as follows:
(1) No hearing shall be conducted without 5 panel members being present.
(2) The hearing may be conducted informally but with decorum.
(3) The rules of evidence applicable to trial of civil actions apply but are to be liberally construed.
(4) Upon a showing of good cause to the panel, testimony of any party or witness may be presented over the telephone. Additionally, at the discretion of the panel an-attomey may-represent a party- or- witness over the telephone-without-being physically -present before - the-paneb
(e) Right of the Mediator to Defend. A mediator shall have the right to defend against all charges and shall have the right to be represented by an attorney, to examine and cross-examine witnesses, to compel the attendance of witnesses to testify, and to compel the production of documents and other evidentiary matter through the subpoena power of the panel.
(f) Pro Se Parties.- — In-a-n effort to secure substantial justice, the panel shall assist-any party not represented by an attorney on procedure to be followed, presentation of material-evidence, and questions of law.
*812 (f) Mediator Discovery. The center shall, upon written demand of a party or counsel of record, promptly furnish the following: the names and addresses of all witnesses whose testimony is expected to be offered at the hearing, together with copies of all written statements and transcripts of the testimony of such witnesses in the possession of the counsel or the center which are relevant to the subject matter of the hearing and which have not previously been furnished.
(g) Panel Discovery. The mediator or the mediator’s counsel shall, upon written demand of the counsel or the center, promptly furnish the following: the names and addresses of all .witnesses whose testimony is expected to be offered at the hearing, together with copies of all -written statements and transcripts of the testimony of such witnesses in the possession of the mediator or mediator’s counsel which are relevant to the subject matter of the hearing and which have not previously been furnished.
(g)(h) Failure to Appear. If the complainant fails to appear at 4he-hearing, the action may'be dismissed for want of prosecution, absent a showing-of ■ good cause. Absent a showing of good cause, if the complainant fails to appear at the hearing, the panel may dismiss the action for want of prosecution.
(h)(i) Mediator’s Absence. If the mediator fails to appear, absent a showing of good cause, the hearing shall proceed.
(i)(j) Rehearing. If the matter is heard in the mediator’s absence, the mediator may petition for rehearing, for good cause, within 10 days of the date of the hearing.
(j)(k) Recording. Any party shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings recorded reported and transcribed by a court reporter at the party’s expense.
(k)(i) Dismissal. Upon dismissal by the panel of formal charges, the panel shall promptly file a copy of the dismissal order with the center.
(¿-)(m) Sanctions. If, after the hearing, a majority of the panel finds that there is clear and convincing evidence to support a violation of the rules, the panel shall impose such sanctions included in rule 10.240 as it deems appropriate.
RULE 10.240 SANCTIONS
(a) Generally. The panel may impose one or more of the following sanctions:
(1) Imposition of costs of the proceeding.
(2) Oral admonishment.
(3) Written reprimand.
(4) Additional training, to be completed which may include the observation of media-tions.
(5) Restriction on types of cases which can be mediated in the future.
(6) Suspension for a period of up to 1 year.
(7) Decertification or, if the mediator is not certified, bar from service as a mediator under the Florida Rules of Civil Procedure.
(8) Such other sanctions as are agreed to by the mediator and, the panel.
(b) Failure to Comply. If there is reason to believe that the mediator failed to timely comply with any imposed sanction, a hearing shall be held before a panel convened for that purpose within 60 days of the date when the center learned of the alleged failure to comply. A finding of the panel that there was a willful failure to substantially comply with any imposed sanction shall result in the de-certification of the mediator.
(b)(c) Decertified Mediators. If a mediator has been decertified or barred from service pursuant to these rules, the mediator shall not thereafter be certified in any circuit or assigned to mediate a case pursuant to Florida Rule of Civil Procedure 1.700 or be designated as mediator pursuant to Rule 1.720(f) unless reinstated.
(e)(d) Decision to Be Filed. Upon making a determination that discipline is appropriate, the panel shall promptly file with the center a copy of the decision including findings and conclusions certified by the chair of the panel. The center shall promptly mail to all parties notice of such filing, together with a copy of the decision.
*813 (d)(e) Notice to Circuits. The center shall notify all circuits of any mediator who has been decertified or suspended if an appeal has-not been filed pursuant to the Florida Rules-of Appellate Procedure unless otherwise ordered by the Supreme Court of Florida.
(f) Publication. Upon the imposition of sanctions, the center shall publish the name of the mediator, a short summary of the rule or rules which were violated, the circumstances surrounding the violation, and any sanctions imposed.
4eXg) Reinstatement. A mediator who has been suspended or decertified may be reinstated as a certified mediator. Except as otherwise provided in the decision of the panel, no application for reinstatement may be tendered within 2 years after the date of decertification. The reinstatement procedures shall be as follows:
(1) A petition for reinstatement, together with 3 copies, shall be made in writing, verified by the petitioner, and filed with the center.
(2) The petition for reinstatement shall contain:
(A) the name, age, residence, and address of the petitioner;
(B) the offense or misconduct upon which the suspension or decertification was based, together with the date of such suspension or decertification; and
(C) a concise statement of facts claimed to justify reinstatement as a certified mediator.
(3) The center shall refer the petition for reinstatement to a hearing panel in the appropriate division for review.
(4) The division panel shall review the petition with--or — without hearing and, if the petitioner is found to be unfit to mediate, the petition shall be dismissed. If the petitioner is found fit to mediate, the division panel shall notify the center and the center shall reinstate the petitioner as a certified mediator; provided, however, if the decertification has continued for more than 3 years, the reinstatement may be conditioned upon the completion of a certified training course as provided for in these rules. Successive petitions for reinstatement based upon the same grounds may be reviewed without a hearing.
RULE 10.250 SUBPOENAS
(a) Issuance. Subpoenas for the attendance of witnesses and the production of documentary evidence for discovery and for the appearance of any person before fee a complaint committee, a panel, or any member thereof, may be issued by the chair of the complaint committee or panel or, if the chair of the panel is absent, by the vice chair in the absence-of the chair and. Such subpoenas may be served in any manner provided by law for the service of witness subpoenas in a civil action.
(b) Failure to Obey. Any person who, without adequate excuse, fails to obey such a duly served subpoena served upon him or her may be cited for contempt of the committee or panel, which-may-make application- to a judge for enforcement of any subpoena or citation of contempt in accordance with rule 10.200.
RULE 10.260 CONFIDENTIALITY
(a) Generally. Until formal charges are Sed sanctions are imposed, whether by the panel or upon agreement of the mediator, all proceedings shall be confidential. -Upon -filing of formal-charges, such charges- and all further proceedings shall -be-publife After sanctions are imposed by a panel, all documentation including and subsequent to the filing of formal charges shall be public with the exception of those matters which are otherwise confidential pursuant to law or rule of the Supreme Court. If a consensual agreement is reached between a mediator and a complaint committee, only the basis of the complaint and the agreement shall be released to the public.
(b) Witnesses. Each witness in every proceeding under these disciplinary rules shall be sworn to tell the truth and not disclose the existence of the proceeding, the subject matter thereof, or the identity of the mediator until the proceeding is no longer confidential under these disciplinary rules. Violation of this oath shall be considered an act of contempt of the complaint committee or the panel.
*814 Me) Papers to be Marked. All notices, papers, and pleadings mailed prior to formal charges being filed shall be enclosed in a cover marked “confidential.”
(e)(d) Breach of Confidentiality. Violation of confidentiality by a member of the board shall subject the member to removal by the chief justice of the Supreme Court of Florida.
Committee Notes
1995 Amendment: The Committee believed the rule regarding confidentiality should be amended in deference to the 1993 amendment to section 44.102, Florida Statutes, that engrafted an exception to the general confidentiality requirement for all mediation sessions for the purpose of investigating complaints filed against mediators. Section 44.102(4) specifically provides that “the disclosure of an otherwise privileged communication shall be used only for the internal use of the body conducting the investigation” and that “[Prior] to the release of any disciplinary files to the public, all references to otherwise privileged communications shall be deleted from the record.”
These provisions created a substantial potential problem when read in conjunction with the previous rule on confidentiality, which made public all proceedings after formal charges were filed. In addition to the possibly substantial burden of redacting the files for public release, there was the potentially greater problem of conducting panel hearings in such a manner as to preclude the possibility that confidential communications would be revealed during testimony, specifically the possibility that any public observers would have to be removed prior to the elicitation of any such communication only to be allowed to return until the next potentially confidential revelation. The Committee believes that under the amended rule the integrity of the disciplinary system can be maintained by releasing the results of any disciplinary action together with a redacted transcript of panel proceedings, while still maintaining the integrity of the mediation process.
RULE 10.280 DISQUALIFICATION OF MEMBERS OF A PANEL OR COMMITTEE.
(a) Procedure. In any case, any party may at any time before final judgment disciplinary action show by a suggestion filed in the case that a member of the board before which the case is pending, or some person related to that member, is a party to the case or is interested in the result of the case or that the member is related to an attorney or counselor of record in the case or that the member is a material witness for or against one of the parties to the case.
(b) Facts to be Aleged. A motion to disqualify shall allege the facts relied on to show the grounds for disqualification and shall be verified by the party.
(c) Time for Motion. A motion to disqualify shall be made within a reasonable time after discovery of the facts constituting grounds for disqualification.
(d) Action by Chair. The chair of the appropriate committee or panel shall determine only the legal sufficiency of the motion. The chair shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the chair shall enter an order of disqualification and the disqualified committee or panel member shall proceed no further in the action. In the event that the chair is the challenged member, the vice-chair shall perform the acts required under this subdivision.
(e) Recusals. Nothing in this rule limits a board member’s authority to enter an order of recusal on the board member’s own initiative.
(f) Replacement. The center shall assign a board member to take the place of any disqualified or recused member.
(g) Qualifications. Each assignee shall have the same qualifications as the disqualified or recused member.
RULE 10.290 SUPREME COURT REVIEW
(a) Right of Review. There Any mediator found to have committed a violation of these rules shall fee have a right of review from a determination made of the action *815 taken by the panel. Review of this type shall be under the jurisdiction of the Florida Supreme Court of Florida. Notice of review shall be filed with the clerk of the Florida Supreme Court of Florida. A mediator shall have no right of review of any resolution reached pursuant to rule 10.220(j).
(b)Rules of Procedure. The Florida Rules of Appellate Procedure shall be applicable to review by the Florida Supreme Court.
RULE 10.300 MEDIATOR QUALIFICATIONS ADVISORY PANEL
(a) Appointment. The Mediator Qualifications Advisory Panel shall be composed of 9 members, 3 from each geographic division served by the Mediator Qualifications Board. No member of the Mediator Qualifications Board shall serve on the advisory panel.
(b) Membership and Terms. The membership of the panel shall be composed of 1 county mediator, 1 family mediator, and 1 circuit mediator from each division and shall be appointed by the chief justice. The initial terms shall be as follows: county mediators — 2 years, family mediators — 3 years, circuit mediators — 4 years. All successive appointments shall be for 4 years. The panel shall select 1 member as chair and 1 member as vice chair. No member shall serve more than 2 consecutive terms.
(c) Meetings. The panel shall meet as necessary to consider requests for advisory opinions. All such requests, which shall be in writing, shall be considered only if received from mediators subject to the mediation rules. At the direction of the chair, in the case where a meeting is not justified on the basis of the expense that would be incurred, and after consideration of the number of requests for opinions, the panel may vote by mail.
(d) Quorum. The quorum for a meeting of the panel shall be 5 members, whether action is to be taken at a meeting or by mail. A majority of all members shall be required to concur in any advisory opinion issued by the panel. After due deliberation the panel shall render opinions, which shall be consistent with supreme court decisions on mediator discipline, the Rules for Certified and Court-Appointed Mediators, and considered in light of previous opinions of the panel.
(e) Effect of Opinions. While reliance by a mediator on an opinion of the panel shall not constitute a defense in any disciplinary proceeding, it shall be evidence of good faith and may be considered by the board in relation to any determination of guilt or in mitigation of punishment. No opinion issued to one-mediator shall provide-evidence of the good faith of any conduct-taken by any other mediator unless-the — underlying facts are identical-.
(f) Confidentiality. In any opinion issued by the panel all references to the requesting mediator shall be deleted.
(g) Opinions. All opinions of the panel shall be in writing, with a copy provided to the Florida Dispute Resolution Center. The Center center shall make such opinions available, upon request, to any mediator or the public.
(h) Staff Assistance. The Florida Dispute Resolution Center shall provide staff assistance to the panel.